COMMISSIONER OF REVENUE *vs.* LAWTON D. WOLF & another.[1] June 20, 1984. *Taxation*, Income tax. *Trust*, Business trust.

On or before April 15, 1978, Lawton D. and Margaret M. Wolf (taxpayers) filed their 1977 State income tax return which did not include a corporate trust liquidating distribution as part of their adjusted gross income. The Commissioner of Revenue (Commissioner) subsequently assessed an additional tax of $12,611 for the corporate trust liquidating distribution. The taxpayers filed an application for abatement of this additional assessment, which was denied by the Commissioner. The taxpayers appealed to the Appellate Tax Board (board) which granted the taxpayers' request for an abatement. The basis of the board's action was its determination that the assessment of additional taxes was untimely. See G. L. c. 62C, § 26 (*b*). The board did not reach the substantive issue whether a corporate trust liquidating distribution received by the taxpayers was taxable income.

The Commissioner appealed to this court from the board's decision pursuant to G. L. c. 58A, § 13. The parties agree that the substantive issue in this case is virtually identical with that in *Commissioner of Revenue* v. *Shafner, ante* 256 (1984), and *Commissioner of Revenue* v. *Smith, ante* 1005 (1984). We held today in those cases that corporate trust liquidating distributions may be excluded from taxable income as exempt dividends under G. L. c. 62, § 2 (*a*) (2) (D). In light of that determination, we need not decide whether the assessment in this case was untimely. The pertinent facts were stipulated before the board, which ruled that "had the board reached the merits," "the same principles [as were discussed in the granting of the analogous abatement in *Shafner, supra*] would have been applied." The taxpayers are therefore entitled to an abatement of that portion of their income taxes attributable to the liquidating distribution.

*Decision of the Appellate Tax Board affirmed.*

*Stephen S. Ostrach*, Assistant Attorney General, for the plaintiff.

*Robert J. McGee* for the defendants.